Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

**CL-26-0440-F**

Cause No. _____

| | | |
|---|---|---|
| **IDALIA GONZALEZ,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | **AT LAW NUMBER _____** |
| **EDINBURG CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT and** | § | |
| **AM UTILITIES & CONSTRUCTION, LLC** | § | |
| | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

COMES NOW, Idalia Gonzalez, hereinafter called "Plaintiff" complaining of Edinburg Consolidated School District and AM Utilities & Construction, LLC hereinafter collectively called "Defendants" and respectfully shows the Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 3, pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### AMOUNT SOUGHT

2. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief in excess of $1,000,000.00. The amount of monetary relief actually

**PLAINTIFF'S ORIGINAL PETITION**                                         **– Page 1**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

**CL-26-0440-F**

awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III.
### PARTIES

3. Plaintiff Idalia Gonzalez is an individual resident of Hidalgo County, Texas.

4. Defendant <u>Edinburg Consolidated Independent School District</u> ("Defendant ECISD" or "ECISD") is an independent school district and political subdivision of the State of Texas, organized and existing under the laws of the State of Texas. ECISD may be served with process by serving its Superintendent, <u>Mario Salinas</u>, located at <u>411 N 8th Avenue, Edinburg, Texas 78539</u>. **Issuance of citation is requested at this time.**

5. Defendant <u>AM Utilities & Construction, LLC</u> ("Defendant AM Utilities" or "AM Utilities") is a domestic limited liability company conducting business in the state of Texas. It may be served with process through its registered agent, <u>Roberto A. Morales</u>, located at <u>4613 N. Glasscock Road, Palmhurst, Texas 78573</u>. **Issuance of citation is requested at this time.**

### IV.
### JURISDICTION AND VENUE

6. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

7. The events giving rise to this suit occurred in Hidalgo County, Texas. Venue therefore, is proper in Hidalgo County, Texas, pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

**PLAINTIFF'S ORIGINAL PETITION**                                         **– Page 2**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

## V.
## FACTS

8. This case arises from a violent, preventable fall that occurred at night in the parking lot serving Vela Stadium—also known as Richard R. Flores Stadium—a facility owned, operated, and controlled by ECISD, located at 801 E. Canton Road, Edinburg, Texas.

9. ECISD routinely invites and admits members of the public—including elderly patrons and patrons with disabilities—to attend events at Vela Stadium, including nighttime football games, and provides parking and pedestrian routes for ingress and egress to and from those events.

10. At all relevant times, ECISD exercised control over (a) the stadium premises and appurtenant parking facilities, (b) the design and placement of traffic-calming features and surface conditions within the parking lot, (c) the lighting and illumination of pedestrian routes used by event patrons, and (d) the routing and direction of event patrons as they entered and exited the stadium area.

### A. ECISD's Paving/Maintenance Contracting and Use of AM Utilities

11. ECISD relies on outside paving contractors to construct, resurface, modify, repair, and maintain asphalt surfaces and related site improvements at ECISD facilities.

12. Public procurement records reflect that ECISD's Maintenance and Facilities Department requested and obtained board-approved contracting authority for paving repair and maintenance services, including awarding a proposal to AM Utilities as an approved vendor for district paving repair and maintenance work on an as-needed basis.

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

13. Upon information and belief, AM Utilities performed paving and/or asphalt work for ECISD at Vela Stadium and/or in the stadium's parking facilities during the relevant time period, including work affecting the surface condition(s) and elevation changes in the area where Plaintiff fell.

**B. The Hazardous Condition in the Stadium Parking Lot**

14. The area of the stadium parking lot used by event patrons for pedestrian travel contained a series of raised asphalt features, including ridges, bumps, and abrupt changes in elevation, located in the pedestrian path between parking areas and the walking surface used by patrons returning to their vehicles.

15. These raised asphalt ridges and bumps were the same dark color as the surrounding pavement, visually blended into the walking surface, and were not reasonably detectable at night by ordinary pedestrians, particularly elderly pedestrians and pedestrians with vision or mobility related limitations.

16. The hazard was compounded by inadequate lighting. On game nights, including the night of Plaintiff's fall, the parking lot area at issue was long and poorly lit, and the lighting present was insufficient to illuminate the unmarked changes in elevation for pedestrians attempting to safely navigate the route back to their vehicles.

17. The raised ridges and bumps at issue were not a transient condition like a spilled liquid or recently formed pothole. Rather, they were a constructed, fixed feature of the asphalt surface, the geometry and placement of which created an unreasonably dangerous tripping hazard in the very area ECISD expected and intended pedestrians to traverse at night after stadium events.

**PLAINTIFF'S ORIGINAL PETITION**                                    **– Page 4**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

18. The hazard presented a foreseeable and substantial risk of serious injury, including facial fractures, head trauma, and knee injuries, because a pedestrian who catches a foot on an abrupt elevation change at night predictably falls forward onto hard asphalt.

### C. ECISD's Knowledge, Affirmative Acts, and Patron Routing

19. The above-described raised ridges, bumps, and abrupt elevation changes existed for a substantial period of time before Plaintiff's fall and were known to ECISD employees and agents responsible for stadium operations, facilities maintenance, and event safety.

20. ECISD personnel regularly work stadium events, traverse the stadium grounds, and oversee post-event crowd dispersal. Thus, ECISD had actual knowledge of the combination of (a) unmarked and insufficiently marked elevation changes in the pedestrian path; and (b) inadequate lighting during nighttime egress.

21. ECISD also received complaints regarding hazards in or near the stadium parking lot and pedestrian routes, including hazards associated with lighting and surface conditions.

22. Rather than remedy the hazard or provide adequate warnings, ECISD affirmatively chose to continue operating nighttime stadium events while maintaining and utilizing the above-described pedestrian routes through the poorly lit parking lot area containing the unmarked raised ridges and bumps.

23. On event nights ECISD and its agents control and influence where patrons park and how patrons exit, including through the use of staff direction, temporary barriers, cones, barricades, controlled gate/exit openings, and other crowd-control measures that funnel pedestrians through particular routes.

**PLAINTIFF'S ORIGINAL PETITION**                                    **– Page 5**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

24. ECISD's event-night operational choices, including decisions about which routes to open and close and what areas to illuminate, increased the danger posed by the unmarked ridges/ bumps by channeling pedestrians into the hazard area under low-light conditions without adequate warnings, markings, or safe alternative routing.

**D. The Incident**

25. On October 1, 2024, Plaintiff Idalia Gonzalez attended a football game at Vela Stadium with her husband.

26. At approximately 9:00–9:30 p.m., after the game ended, Plaintiff and her husband began walking back to their vehicle through the stadium parking lot.

27. The parking lot area used for egress was long and poorly lit. In the darkness, Plaintiff encountered a series of raised bumps and changes in elevation in the pedestrian path.

28. Plaintiff successfully navigated two prior bumps that were the same dark color as the pavement. When Plaintiff reached the third bump—unmarked, visually indistinguishable from the surrounding asphalt in the low lighting, and placed in the pedestrian route—Plaintiff did not see it, caught her foot, and tripped violently.

29. Plaintiff fell forward, impacting the asphalt face-first, and also striking her hands and knees.

**E. Plaintiff's Injuries, Medical Care, and Continuing Harm**

30. As a direct result of the fall, Plaintiff suffered serious injuries, including but not limited to: (a) a displaced nasal bone fracture; (b) severe facial bruising and abrasions; (c) a deep right-knee laceration requiring sutures; (d) abrasions and contusions to her left knee; (e) bruising

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

and abrasions to her hands; and (f) head and facial trauma consistent with a violent forward fall onto hard asphalt.

31. Plaintiff has required and will require additional medical evaluation and treatment, and has incurred medical expenses, out-of-pocket costs, and other damages.

**F. Notice to ECISD After the Fall**

32. After the incident, Plaintiff and her family notified ECISD of the fall and the dangerous condition in the stadium parking lot.

33. Rather than initiating a meaningful investigation, preserving evidence, documenting the hazard, or remedying the condition, ECISD's response was limited to an apology. ECISD took no adequate corrective action communicated to Plaintiff.

34. ECISD's post-incident response further evidences ECISD's deliberate disregard of the known danger posed by the unmarked elevation changes and inadequate lighting in the pedestrian route used by event patrons at night.

**G. Disability-Related Allegations Supporting ADA Title II and §504**

35. Plaintiff is a qualified individual with a disability within the meaning of Title II of the ADA and Section 504 of the Rehabilitation Act.

36. ECISD is a public entity subject to Title II of the ADA and, upon information and belief, receives federal financial assistance and is subject to Section 504 of the Rehabilitation Act.

37. ECISD's stadium events, and the parking and pedestrian routes provided for those events, constitute ECISD services, programs, and activities made available to the public.

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

38. The unmarked changes in elevation and inadequate illumination in the pedestrian egress route constituted architectural and operational barriers that deny safe and meaningful access to individuals with disabilities, including individuals with mobility and vision impairments. This particularly apparent during nighttime egress when patrons must traverse the parking lot to reach their vehicles.

39. ECISD had actual knowledge that its parking lot pedestrian routes and lighting conditions created a substantial likelihood of denying safe access to patrons with disabilities and creating a serious risk of injury, yet ECISD failed and refused to take reasonable steps within its control to prevent foreseeable harm. ECISD did not mark or stripe the elevation changes, provide adequate illumination, provide a safe alternative accessible route, or warn patrons.

### H. ECISD Policies and Customs and Deliberate Decisions Supporting Monell

40. The dangerous conditions and operational choices described above were not isolated accidents attributable to a single low-level employee. Rather, they were caused by ECISD's official policies, widespread practices, and/or customs, including but not limited to:

a. permitting constructed changes in elevation/raised asphalt ridges/bumps in pedestrian routes without adequate marking, contrast, warning, or remediation;

b. operating Vela Stadium nighttime events while maintaining inadequate illumination in pedestrian egress areas of the parking lot;

c. using event-night routing and crowd-control decisions that channel patrons through known hazards without adequate warnings or safer alternatives;

d. failing to adopt and enforce adequate policies, training, and supervision to ensure that pedestrian routes for stadium events are safe, visible, and accessible; and

**PLAINTIFF'S ORIGINAL PETITION**                                      **– Page 8**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

e. failing to require, verify, and document compliance with accessibility and safety requirements in connection with paving, resurfacing, and site work performed by contractors in and around Vela Stadium and its parking facilities.

41. ECISD's final policymakers were deliberately indifferent to the known and obvious risk created by these conditions and decisions, and ECISD's policies/practices were a moving force behind Plaintiff's injuries.

**I. AM Utilities' Negligent Creation of a Dangerous Condition**

42. AM Utilities performs paving, resurfacing, and asphalt-related work. AM Utilities owed a duty to perform its work in a reasonably safe manner and to avoid creating or leaving an unreasonably dangerous condition in areas where pedestrians were foreseeably expected to walk.

43. AM Utilities' work at or affecting the Vela Stadium parking facilities included the construction, resurfacing, modification, repair, and/or maintenance of asphalt surfaces and site features that created and left in place the unmarked raised ridges, bumps, and abrupt changes in elevation that caused Plaintiff to trip.

44. As a result of Defendants' conduct, Plaintiff suffered injuries and damages.

**VI.**
**CAUSES OF ACTION**

**42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process State-Created Danger and _Monell_ Municipal Liability (Against ECISD):**

45. At all relevant times, ECISD and its employees, officials, agents, and contractors acted under color of state law, within the course and scope of their authority as a public school district and public entity.

**PLAINTIFF'S ORIGINAL PETITION**                                                    **– Page 9**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

**CL-26-0440-F**

46. The Due Process Clause of the Fourteenth Amendment protects individuals from governmental conduct that deprives them of liberty interests, including the right to bodily integrity, where the government's conduct affirmatively creates or increases danger and does so with deliberate indifference in a manner that shocks the conscience.

47. ECISD, through affirmative acts and operational decisions, created and/or increased a substantial and foreseeable risk of serious physical injury to Plaintiff and similarly situated patrons exiting Vela Stadium at night, including by:

> a. approving, installing, authorizing, accepting, and maintaining a series of raised asphalt ridges, bumps, and abrupt changes in elevation in areas ECISD intended and expected patrons to traverse as pedestrians during event egress;

> b. permitting those ridges, bumps, and elevation changes to remain unmarked, non-contrasted, and without adequate warning despite being visually indistinguishable from surrounding pavement at night;

> c. operating nighttime stadium events while providing inadequate illumination in the parking lot pedestrian egress areas where the unmarked elevation changes existed;

> d. controlling and directing post-event pedestrian and parking-lot egress in a manner that funneled or predictably routed patrons through the hazard area under low-light conditions without adequate warnings, markings, or safe alternatives; and

> e. representing that the designated egress route was safe for patrons despite knowledge of the hazard.

48. ECISD's conduct exposed a foreseeable and specific class of persons to a heightened risk of harm. This class was nighttime stadium event patrons using the post-event pedestrian egress routes through the parking lot. Plaintiff was a member of that class.

49. The risk of harm was not speculative. Rather, an unmarked, abrupt change in elevation in a pedestrian path, combined with inadequate lighting during nighttime egress,

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

predictably causes pedestrians to trip and fall forward onto hard asphalt, resulting in serious injury.

50. ECISD had actual knowledge, or in the alternative, was deliberately indifferent to facts demonstrating, that the combination of (a) unmarked elevation changes and (b) inadequate lighting in a known pedestrian egress route created a substantial likelihood of serious injury to patrons.

51. Despite that knowledge, ECISD continued to operate nighttime stadium events and continued to utilize and/or direct patrons through the hazard area without implementing readily available safety measures under ECISD's control, including but not limited to adequate illumination, warnings, markings or contrast, barricading or closing the hazard area, or providing a safe alternative route.

52. ECISD's conduct, taken as a whole, constitutes deliberate indifference and shocks the conscience because it reflects an operational choice to expose event patrons to a known and severe danger during predictable nighttime egress.

53. ECISD's affirmative acts and deliberate indifference were a proximate and producing cause of Plaintiff's fall and resulting injuries and damages, including severe facial trauma, a nasal fracture, a knee laceration requiring sutures, impairment, and related damages.

54. ECISD is liable under §1983 because Plaintiff's injuries were caused by ECISD's official policies, practices, customs, and decisions of final policymakers, which were the moving force behind the constitutional violation, including:

> a. policies and practices permitting constructed changes in level and traffic-calming asphalt features in pedestrian travel routes without adequate marking, contrast, or warning;

**PLAINTIFF'S ORIGINAL PETITION**                                    **– Page 11**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

b. policies and practices concerning stadium lighting and illumination that resulted in inadequate lighting in pedestrian egress areas during nighttime events;

c. policies and practices governing event-night routing and crowd control that predictably directed patrons through hazardous areas;

d. failure to adopt, implement, and enforce adequate policies, training, and supervision to ensure that pedestrian egress routes used during stadium events are reasonably safe and do not expose patrons to hidden trip hazards; and

e. policies/practices of contracting for paving/maintenance work and accepting and approving work affecting pedestrian routes without ensuring safe design, marking, and illumination and without adequate hazard identification and remediation.

55. ECISD's final policymakers, and officials with delegated final authority over facilities maintenance and stadium operations, knew of and ratified the above practices by continuing to operate nighttime events and continue the same egress operations and conditions despite the known risk.

56. Plaintiff seeks compensatory damages, reasonable attorney's fees and costs under 42 U.S.C. §1988, pre- and post-judgment interest, and all other relief permitted by law.

**Americans with Disabilities Act – Title II; 42 U.S.C. § 12132 (Against ECISD):**

57. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

58. Plaintiff is a qualified individual with a disability, as that term is defined by Title II of the ADA.

59. ECISD is a public entity subject to Title II of the ADA.

60. ECISD's operation of Vela Stadium events and the associated parking, ingress, and egress routes constitutes a service, program, or activity of ECISD.

**PLAINTIFF'S ORIGINAL PETITION**                                    **– Page 12**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

61. ECISD, by reason of Plaintiff's disability, denied Plaintiff meaningful access to the benefits of ECISD's services, programs, and activities, and subjected Plaintiff to discrimination, including by:

a. failing to provide and maintain a safe and accessible pedestrian egress route from the stadium to parking during nighttime events;

b. maintaining and utilizing pedestrian routes that contained unmarked changes in elevation and inadequate illumination, which materially increased the risk of falls for patrons with mobility and/or vision limitations; and

c. failing to implement reasonable modifications within ECISD's control, such as adequate illumination, warning or marking or contrast, barricading or closing the hazard area, and/or routing patrons through a safer alternative, necessary to afford disabled patrons safe and meaningful access during nighttime egress.

62. ECISD acted with deliberate indifference to Plaintiff's federally protected rights. ECISD had actual knowledge that harm to a federally protected right was substantially likely and failed to take appropriate, reasonable corrective action.

63. As a result of ECISD's conduct, Plaintiff suffered damages.

**Rehabilitation Act – Section 504; 29 U.S.C. § 794 (Against ECISD):**

64. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

65. Plaintiff is an individual with a disability and is otherwise qualified to participate in and benefit from ECISD's services, programs, and activities, including stadium events and their associated parking and egress routes.

66. Upon information and belief, ECISD receives federal financial assistance and is therefore subject to Section 504 of the Rehabilitation Act.

67. ECISD, solely by reason of Plaintiff's disability and in a manner that denied Plaintiff meaningful access because of disability-related limitations, excluded Plaintiff from participation

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

in, denied Plaintiff the benefits of, and/or subjected Plaintiff to discrimination under ECISD's

programs and activities, including by failing to provide a safe and accessible egress route and by

maintaining/operating the hazard and lighting conditions described above.

68. ECISD acted with deliberate indifference to Plaintiff's rights under §504 by

knowingly maintaining and utilizing the hazard and inadequate lighting conditions during

nighttime egress, and by failing to take reasonable measures within ECISD's control to avoid

foreseeable harm to disabled patrons.

69. As a result of ECISD's conduct, Plaintiff suffered damages.

**Negligence and Creation of Dangerous Condition (Against AM Utilities):**

70. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs.

71. AM Utilities owed Plaintiff a duty to exercise ordinary care in performing paving,

resurfacing, repair, and maintenance work, including a duty not to create or leave in place

unreasonably dangerous conditions in areas where pedestrians were foreseeably expected to

walk.

72. AM Utilities performed paving and asphalt work at or affecting Vela Stadium and its

parking facilities, including work affecting the conditions and elevation changes in the pedestrian

travel area where Plaintiff fell.

73. AM Utilities breached its duties to Plaintiff by negligently creating, installing,

constructing, resurfacing, modifying, or leaving in place an unreasonably dangerous surface

condition, including one or more unmarked raised ridges, bumps, and abrupt changes in

elevation in a foreseeable pedestrian path, and by failing to use reasonably safe geometry,

transitions, and safety measures in connection with that condition.

**PLAINTIFF'S ORIGINAL PETITION**                                      **– Page 14**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

CL-26-0440-F

74. AM Utilities further breached its duties by failing to take reasonable steps to ensure that the condition was reasonably perceivable and safe for foreseeable pedestrian use, particularly during nighttime conditions and during high-pedestrian traffic following stadium events, including by failing to provide appropriate marking, contrast, warnings, and coordination with illumination.

75. As a result of AM Utilities' conduct, Plaintiff suffered damages.

## VII.
## DAMAGES

76. As a proximate result of Defendants' conduct, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.    Medical expenses in the past and future;

    b.    Physical pain and suffering in the past and future;

    c.    Mental anguish in the past and future;

    d.    Disfigurement in the past and future;

    e.    Physical impairment in the past and future;

    f.    Loss of enjoyment of life in the past and future;

    g.    Attorneys' fees; and

    h.    All other relief, in law and in equity, to which Plaintiff may be entitled.

## VIII.
## INTENT TO USE DEFENDANTS' DOCUMENTS

77. Pursuant to Texas Rule of Civil Procedure 193.7, any document produced by Defendants in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

**PLAINTIFF'S ORIGINAL PETITION**                    **– Page 15**

Electronically Submitted
1/23/2026 9:35 AM
Hidalgo County Clerk
Accepted by: Carlos Guerra

**CL-26-0440-F**

## IX.
## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff have:

a. Judgment against Defendants for Plaintiff's damages;

b. Interest on the judgment at the legal rate from the date of judgment;

c. Pre-judgment interest on Plaintiff's damages as allowed by law;

d. All costs of court; and

e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**ISRAEL PEREZ LAW, P.C.**

Israel Garcia Perez III
Texas Bar No. 24102349
Israel.Perez@IsraelPerezLaw.com

P.O. Box 260
Fate, Texas 75132
Phone: (956) 614-1414
Fax: (972) 942-8935

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 110395290
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 1/23/2026 9:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Corey Rusick | | corey@israelperezlaw.com | 1/23/2026 9:44:51 AM | SENT |
| Israel Perez | | Israel.Perez@IsraelPerezLaw.com | 1/23/2026 9:44:51 AM | SENT |
| Alina Cedeno | | alina@israelperezlaw.com | 1/23/2026 9:44:51 AM | SENT |

Electronically Submitted
1/23/2026 11:27 AM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

**CAUSE NO. CL-26-0440-F**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
       SUPERINTENDENT; MARIO SALINAS
       411 N 8TH AVENUE
       EDINBURG, TEXAS 78539

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #6 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said Plaintiff's Petition was filed in said Court, on the 23rd day of January, 2026 in this Cause Numbered CL-26-0440-F on the docket of said Court, and styled,

**IDALIA GONZALEZ**

vs.

**EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; AM UTILITIES & CONSTRUCTION, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 23rd day of January, 2026.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #6

BY _____ DEPUTY
FRANCISCO MARTINEZ

Electronically Submitted
1/23/2026 11:27 AM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____     By: _____
         CIVIL PROCESS SERVER                DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____     By: _____
         CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ____ day of _____, 20_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /PSC Number

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110404268
Filing Code Description: Citation Issued
Filing Description: EDINBURG CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT
Status as of 1/23/2026 11:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Israel Perez | | Israel.Perez@IsraelPerezLaw.com | 1/23/2026 11:27:05 AM | SENT |
| Alina Cedeno | | alina@israelperezlaw.com | 1/23/2026 11:27:05 AM | SENT |
| Corey Rusick | | corey@israelperezlaw.com | 1/23/2026 11:27:05 AM | SENT |

Electronically Submitted
2/2/2026 12:00 AM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

**CAUSE NO. CL-26-0440-F**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT
       SUPERINTENDENT: MARIO SALINAS
       411 N 8TH AVENUE
       EDINBURG, TEXAS 78539

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #6 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said Plaintiff's Petition was filed in said Court, on the 23rd day of January, 2026 in this Cause Numbered CL-26-0440-F on the docket of said Court, and styled,

**IDALIA GONZALEZ**
vs.
**EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT; AM UTILITIES & CONSTRUCTION, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 23rd day of January, 2026.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #6

BY _____ DEPUTY
       FRANCISCO MARTINEZ

Electronically Submitted
2/2/2026 12:00 AM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

**SHERIFF'S RETURN**
    Came to hand on the __25__ day of __January__ , 20 __26__ , at __6:09__ o'clock __p__
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

**DEFENDANT SERVED**
    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with
a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the
Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME __Edinburg CISD Superintendent Mario Salinas__ DATE __1-30-26__ TIME __1:46pm__ PLACE __411 N. 8th Ave, Edinburg, Tx 78542__

By: __Eric Garcia__
        CIVIL PROCESS SERVER
        Eric Garcia

By: _____
        DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and
time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____
        CIVIL PROCESS SERVER

By: _____
        DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If
the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be
signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in
substantially the following form:

"My name is __Eric Garcia__ , my date of birth is __c.9.91__ and my address is

__P.o. Box 3962, Edinburg, TX 18540__. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in __Hidalgo__ County, state of Texas, on the __01__ day of __February__, 20 __26__ .

__Eric Garcia__
DECLARANT

__July 31, 2027 / PSC 12169__
If Certified by the Supreme Court of Texas
Date of Expiration /PSC Number

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 110709237
Filing Code Description: Service Returned - Served
Filing Description: Return of Service - Served
Status as of 2/2/2026 8:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Israel Perez | | Israel.Perez@IsraelPerezLaw.com | 2/1/2026 2:04:37 PM | SENT |
| Alina Cedeno | | alina@israelperezlaw.com | 2/1/2026 2:04:37 PM | SENT |
| Corey Rusick | | corey@israelperezlaw.com | 2/1/2026 2:04:37 PM | SENT |

Electronically Submitted
2/20/2026 1:44 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

## CAUSE NO. CL-26-0440-F

| | | |
|---|---|---|
| **IDALIA GONZALEZ** | § | **IN THE COUNTY COURT** |
| *Plaintiff.* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **AT LAW NO. 6** |
| **EDINBURG CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT and AM UTILITIES** | § | |
| **& CONSTRUCTION, LLC** | § | |
| *Defendant.* | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

NOW COMES Defendant, EDINBURG CONSOLIDATED INDEPENDENT SCHOOL DISTRICT ("Defendant"), and file this their Original Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### 1. General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, of the material allegations contained in Plaintiffs' Original Petition and demands strict proof thereof.

### 2. Affirmative Defenses Reserved

Defendant reserves the right to assert additional defenses, including but not limited to governmental immunity and sovereign immunity.

### 3. Request for Relief

Defendant respectfully requests that Plaintiffs take nothing by this suit, that Defendant be dismissed with prejudice, that Defendant recovers their costs, and that the Court grant such other relief to which it may be entitled.

Electronically Submitted
2/20/2026 1:44 PM
Hidalgo County Clerk
Accepted by: Francisco Javier Martinez

Respectfully submitted,

*/s/ Andrea Vela*
Andrea Vela
State Bar No. 24113522
avela@808west.com
Stephen Dimas
State Bar No. 24150712
sdimas@808west.com
O'HANLON, DEMERATH & CASTILLO
426 W. Caffery| Pharr, Texas 78577
Tel: (956) 318-0555
Fax: (956) 318-1955
**Counsel for Defendant**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on February 20, 2026.

*/s/ Andrea Vela*
Andrea Vela

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andria Garcia on behalf of Andrea Vela
Bar No. 24113522
agarcia@808West.com
Envelope ID: 111526074
Filing Code Description: Answer
Filing Description: DEFENDANT'S GENERAL DENIAL
Status as of 2/20/2026 2:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Israel Perez | | Israel.Perez@IsraelPerezLaw.com | 2/20/2026 1:44:58 PM | SENT |
| Alina Cedeno | | alina@israelperezlaw.com | 2/20/2026 1:44:58 PM | SENT |
| Corey Rusick | | corey@israelperezlaw.com | 2/20/2026 1:44:58 PM | SENT |
| ANDREA VELA | | avela@808west.com | 2/20/2026 1:44:58 PM | SENT |
| Stephen Dimas | | sdimas@808west.com | 2/20/2026 1:44:58 PM | SENT |